# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANDREW M. GRUSE**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 C 1267 |
| **ACCUWEATHER, INC.** and **VIBES MEDIA, LLC**, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AccuWeather, Inc. ("AccuWeather") has filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the putative class action brought by Andrew Gruse ("Gruse") against it and Vibes Media, LLC ("Vibes") for the asserted violation of the Telephone Consumer Protection Act of 1991 ("Act," 47 U.S.C. § 227[1]). Gruse has now responded with his Memorandum in Opposition to Defendants' Motion To Dismiss (cited "Mem."), rendering the motion ripe for decision.

Briefly put, AccuWeather seeks to emulate the salmon by swimming upstream on each of the issues that it raises. But on every issue the jurisprudential tide runs strongly against it, for Gruse's response cites chapter and verse to confirm the untenability of each of AccuWeather's contentions. This Court sees no need to cite to or quote from the numerous authorities adduced by Gruse's counsel, but will instead state its conclusions on the various issues and cite to Gruse's Memorandum for the relevant caselaw.

---

[1] Further citations to the Act will simply take the form "Act § --," omitting the prefatory 47 U.S.C.

At the outset a brief statement of the factual background of this action is in order.[2] Until October 7, 2012 Gruse had subscribed to AccuWeather's weather alert service, with its communications being transmitted to his cell phone number. On that October 7 date he responded to a text message that instructed him to "Txt X 2quit" by sending a reply that read "X," which Vibes acknowledged. Nonetheless the weather alert text messages continued to be transmitted to Gruse's number -- more than 30 of them during the next four months. It is against that backdrop that the parties have crossed legal swords.

First, Act § 227(a)(1) is unambiguous by its terms, bringing AccuWeather's transmission system squarely within the definition of an "automatic telephone dialing system" (Mem. 3-4). And for that purpose it suffices for AccuWeather's equipment to have the capacity defined in the Act, without the need for the equipment's complained-of use to employ the random or sequential calling of numbers (Mem. 3-6).

Next, AccuWeather again swims against the tide by contending that a text message is not a "call" for purposes of the Act. AccuWeather's position that such coverage is anachronistic because text messaging was not developed when the Act was first enacted has been rejected both by the FCC and by the caselaw (Mem. 6-10).

Finally, AccuWeather's position that the application of Act § 227(b)(1)(A)(iii) to its text messages would violate the First Amendment also lacks traction. Mem. 10-15 provides ample authority to demonstrate (1) that the Act serves a significant governmental interest (2) that its

---

[2] Throughout this memorandum order the allegations in Gruse's Complaint have been credited, as Rule 12(b)(56) dictates. If hereafter the discovery in this case were not to bear out those allegations, what is set out here might of course need to be revisited.

regulation is narrowly tailored to serve that interest and (3) that ample alternative channels are readily available for communication of the same information.

**Conclusion**

For the reasons stated here, AccuWeather's dismissal motion is denied. This case has previously been set for a May 7, 2013 status hearing, at which time the litigants will be expected to discuss the remaining pending motions as well as further proceedings in the case.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2013