# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANDREW M. GRUSE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 1267 |
| | ) |
| **ACCUWEATHER, INC.** and | ) |
| **VIBES MEDIA, LLC**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Vibes Media, LLC ("Vibes") has just filed its Answer to the Class Action Complaint brought by named plaintiff Andrew Gruse ("Gruse") against Vibes and AccuWeather, Inc. ("AccuWeather"), in which Gruse charges the two defendants with having violated the Telephone Consumer Protection Act of 1991 ("Act," 47 U.S.C. § 227). Although this Court's April 30, 2013 memorandum order found that Gruse's action survived AccuWeather's Fed. R. Civ. P. ("Rule") 12(b)(6) motion for dismissal, this Court's review of Vibes' Answer has prompted the sua sponte issuance of this memorandum order.

Gruse's basic claim is that defendants continued to send text messages to his cell phone after he had withdrawn his consent to receive such messages. But here are Gruse's Complaint ¶ 23 and Vibes' Answer as to the identity of the offending party:

> 23. In addition, either Accuweather or Vibes presumably maintained the list of individuals who requested to stop receiving the text message advertisements.

> However, they simply failed to honor those requests and continued to send text messages to persons who had opted out of receiving them.
>
> **ANSWER**: Vibes denies that it maintained "the list of phone numbers" from which it had received requests to stop receiving text messages and/or that Vibes had any responsibility and/or obligation to maintain such a list. Answering further Vibes denies the remaining allegations in Paragraph 23.

As to the substantive legal controversy posed here, then, it must have been AccuWeather (and not Vibes) that had the information as to, and therefore had the obligation to eliminate from further texting, its customers who opted for elimination.

That in turn appears to pose the question of what this lawsuit is doing in a federal District Court here in Illinois. Among the three parties litigant, only Vibes is Illinois-based, while both of the real disputants -- Gruse and AccuWeather -- are Pennsylvania-based: Complaint ¶ 6 identifies Gruse's Pennsylvania citizenship, while Complaint ¶ 7 places both facets of AccuWeather's corporate citizenship in Pennsylvania as well. And curiously enough, despite the Complaint's major subheading "JURISDICTION AND VENUE" that embraces Complaint ¶¶ 4 and 5, neither of those paragraphs includes any allegation at all as to venue.

It is hardly surprising that Gruse's Complaint says nothing about venue despite its internal caption that says otherwise. Remember that Congress' primary focus in the Act was unquestionably on creating private rights of action enforceable in <u>state</u> courts. Indeed, our Court of Appeals' opinion in <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F. 3d 446, 449-51 (7th Cir. 2005) states a view shared by a small minority of the Courts of Appeals that have weighed in on the subject -- but one that is of course binding on this Court -- that state court jurisdiction over

such actions is nonexclusive.[1] Given that primary focus, with the Act thus understandably silent on the subject of venue, the general venue standards of 28 U.S.C. § 1391(b) ("Section 1391(b)") control.

On that score it is possible that Section 1391(b)(1) applies, in light of the broad-brush definition of corporate residence in Section 1391(c)(2) that possibly sweeps up AccuWeather. But the concept that AccuWeather "resides" in Illinois is an amiable fiction at best, while any application of the more realistic venue requirement of Section 1391(b)(2) to place this action in this judicial district would seem to call for a stretch of the statutory language.

All of this leaves this Court with the question whether the Pennsylvania situs of <u>both</u> Gruse and AccuWeather, coupled with AccuWeather's apparent control over the allegedly Act-- violative continuation of texting information to Gruse, should cause the transfer of this action to the appropriate judicial district in Pennsylvania. All parties are expected to address that subject at the next status hearing, which is ordered to be held at 8:45 a.m. May 31, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 20, 2013

---

[1] See the extended discussion of that subject in <u>Landsman & Funk PC v. Skinder-Strauss Assocs.</u>, 640 F. 3d 72, 77-78 (3rd Cir. 2011).